**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROMAN MORALES CALDERA,<br>Petitioner,<br><br>v.<br><br>WARDEN J.L. JAMISON, *et al*.,<br>Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>: | Civil No.: 2:26-cv-07011-JMG |

**ORDER**

**AND NOW**, this 10th day of November, 2026, upon consideration of Petitioner's Motion to Enforce (ECF No. 11) and Respondent's Response (ECF No. 12), **IT IS HEREBY ORDERED** as follows:

1. The Petitioner's Motion (ECF No. 11) is **GRANTED**;[1]

[1] The Court is concerned by the apparent non-compliance of the Government with the November 4, 2026 Order (ECF No. 8). The Government not only failed to release Petitioner, but it also failed to file a Certificate of Compliance by Friday, November 6, 2026. *See* ECF No. 8.

This Court held that Petitioner's arrest was unlawful under the Third Circuit decision of *Buele-Morocho*. *See* ECF No. 8; *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223, at *1 (3d Cir. Aug 28, 2026). The November 4, 2026 Order (ECF No. 8) ordered the Petitioner's release, not redesignation. The Petitioner was not redesignated under § 1226(a) and provided with a Form I-286 until roughly three hours *after* the November 4, 2026 Order. *See* ECF 12-2. This is a fact not brought to the Court's attention during the November 5, 2026 Status Conference.

While not necessary to the Court's instant ruling – given the Court's previous explicit order of release – the Court is not convinced that a noncitizen can be "redesignated" under 8 U.S.C. § 1225(b)(2) to § 1226(a) simply by issuing a new warrant while the noncitizen remains in detention. A warrant is required for an arrest under § 1226. 8 U.S.C. § 12266(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained . . . ."); *see also Tabora-Brizuela v. Mullin*, No. CV 26-7010, 2026 WL 2908095, at *2 (E.D. Pa. Sept. 28, 2026) (McHugh, J.) (collecting cases). Therefore, the Government cannot simply redesignate Petitioner under § 1226 after an initial unlawful arrest, because it is essentially a warrantless arrest that was not cured promptly. An after-the-fact, or post-hoc, issuance of a warrant is invalid where the initial warrant was invalid or there was no warrant to begin with. *See id.* at *5. Post-hoc warrants cannot justify a prior arrest that lacked a valid custody determination. *See id.* Therefore, post-hoc

2. Respondents shall **IMMEDIATELY RELEASE** Petitioner from custody and certify compliance with the Court's Order by filing an entry on the docket no later than Wednesday, November 11, 2026;

3. Respondents are temporarily enjoined from re-detaining Petitioner for seven (7) days from the certificate of compliance;[2]

4. If the Government chooses to pursue re-detention of Mr. Morales Caldera pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.;

5. If the Government fails to comply with this Court Order and file a Certification of Compliance by Wednesday, November 11, 2026, Counsel for the Government and the appropriate representatives of DHS and/or ICE are **DIRECTED TO APPEAR** on **Thursday, November 12, 2026, at 9:00 a.m.** at the Edward N. Cahn United States Courthouse and Federal Building, 504 West Hamilton Street, Courtroom 4B, Allentown, Pennsylvania to **SHOW CAUSE** as to why this Court's Order was not complied with.

---

warrants are "constitutionally problematic" and "statutorily prohibited under the INA." *Parada Cruz v. Mullin*, 837 F. Supp. 3d 404, 410 (E.D.N.Y. Apr. 16, 2026). "Once an alien is detained under section 235(b), DHS cannot convert the statutory authority governing [his] detention from section 235(b) to section 236(a) through the post-hoc issuance of a warrant." *Matter of Li*, 29 I. & N. Dec. 66, 69 n. 4 (BIA 2025).

[2] As noted during this Court's November 5, 2026 Status Conference, this Court has never had an issue with the Government's compliance concerning release of *habeas* petitioners when ordered; therefore this Court has never needed to order a temporary enjoinment. That has evidently changed. "Federal courts recognize the ability to remedy violations of due process rights through subsequent curative methods." *Basboga v. Jamison*, No. 2:26-cv-06694, 2026 WL 3033623, at *9 (E.D. Pa. Oct. 9, 2026). Due to the Government's failure to comply with this Court's November 4, 2026 Order, this remedy is deemed necessary in this instance.

6. The Clerk of Court is **DIRECTED** to **CLOSE** this case.[3]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

[3] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.